224 So.2d 386 (1969)
Judy M. ZUNCK and Fred H. Zunck, Jr., Appellants,
v.
GULF OIL CORPORATION and Warren Petroleum Corporation, Appellees.
Harry Lee HUBER, Appellant,
v.
GULF OIL CORPORATION and Warren Petroleum Corporation, Appellees.
Nos. K-519, K-520.
District Court of Appeal of Florida. First District.
July 1, 1969.
Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellants.
Mercer P. Spear, Panama City, for appellee Gulf Oil Corporation.
Isler, Welch, Bryant, Smith & Higby, Panama City, for appellee Warren Petroleum Corporation.
RAWLS, Judge.
The plaintiffs, Mr. and Mrs. Zunck and Harry Lee Huber, have appealed from final summary judgments in favor of Gulf Oil Corporation and Warren Petroleum Corporation.
Judy Zunck and Harry Lee Huber were severely injured by an explosion caused by a liquid petroleum gas leakage in an apartment rented by Huber. Kimberly L. Zunck, infant daughter of Mr. and Mrs. Zunck, died as a result of burns received in the explosion. The Zuncks and Huber brought suit against the gas manufacturer, *387 Gulf Oil Corporation; the wholesale distributor, Warren Petroleum Corporation; the retail distributor, West Florida Natural Gas Corporation; and others. Final summary judgments were entered in favor of defendants Gulf Oil and Warren Petroleum. The plaintiffs appeal, urging the following two points:
1. May the manufacturer and wholesale distributor of odorless liquid petroleum gas be held liable for negligently failing to odorize the gas in order to warn of leakage?
2. May the manufacturer and wholesale distributor of liquid petroleum gas be held liable for failing to carefully select, train or supervise the distributors of the gas?
The depositions and affidavits before the Circuit Court reflect that West Florida Natural Gas in response to plaintiff Huber's call sent its employee, Long, to turn on the gas in Huber's apartment. Long checked and lit the pilot light in the range. Thereafter, Huber drove Mrs. Zunck and her baby to the Tyndall Air Force commissary, bought groceries and returned to the apartment. Huber did not smell anything unusual, but a flash fire or explosion occurred when he opened the refrigerator to put up groceries. It was later discovered that gas had been escaping from an outlet where a gas heater was disconnected.
The manufacturer and wholesale retailer sold to West Florida liquid petroleum gas, a highly flammable and explosive substance, in its clear and unodorized state. The retail distributor, West Florida, has installed and uses a mechanical device which pumps odorant into the gas each time the storage tank is filled. West Florida knew the gas was not odorized and purchased the odorant from the same source and in conjunction with its gas purchases. The director of Liquefied Petroleum Gas Division of the State Treasurer's office deposed that his office has administratively interpreted the National Fire Protection Association Standard No. 58, Section B.1, to place the duty of odorizing gas upon the dealer who sells to the ultimate purchaser.
Both parties concede that there are no Florida cases directly in point.
It is well settled that liquid petroleum gas is a clear, odorless, highly dangerous substance, subject to explosion under certain conditions. When such a substance is sold to the general public, there is a duty to impregnate it with sufficient odor to warn of leakage. The primary question here is, In the absence of statute, does the manufacturer and/or wholesale distributor have a nondelegable duty to private consumers to odorize gas? We find that they do not.
We approve and follow the holding in City of Villa Rica v. Couch,[1] to wit:
"While it is settled law that because of the dangers from the escape of natural gas and the fact that in its natural state it has no betraying odor, odorization before being distributed to customers is proper, indeed necessary, it is equally settled law that Southern [wholesaler] having sold, and Villa Rica [retailer] having purchased, the gas with knowledge on the part of both that Villa Rica should and would odorize the gas, and, under the undisputed evidence it had made provision to do so, Southern was under no duty to odorize it and was not responsible for the explosion and the damages caused by it. So broad and comprehensive are the underlying propositions which support this view and so numerous are the authorities which sustain it, that appellees, in pressing their claim, that under the facts of this case Southern owed a non-delegable duty, to the private consumers to whom Villa Rica supplied it, to odorize the gas, and that it could not rid itself of that duty, though it knew that the City of Villa Rica was conscious of its obligation to *388 odorize the gas before distribution and had made provisions for doing so, find themselves hard pressed, indeed unable, to present a single sound reason or marshal a single apposite authority which supports their view."
The general rule is that in view of the highly dangerous character of gas and because of its well-known tendency to escape and become an element entailing not only possible but probable death and disaster, a gas supplier should exercise the care and precautions proportionate to the danger.[2] Although a manufacturer may be liable for failing to odorize gas,[3] the appellants have failed to cite any cases, and we have found none, which indicate that a manufacturer or distributor selling in bulk to one other than an ultimate consumer has a nondelegable duty to odorize, provided it takes the necessary precautions commensurate with the dangers reasonably anticipated under the circumstances. Here one of the two appellees sold and delivered both odorant and gas in bulk by barge to a retailer who knew the gas was not odorized and who undertook the duty of odorizing same. Since the appellees informed West Florida that the gas was not odorized and knew that West Florida was undertaking to odorize same, we find no negligence on the part of appellees.
This case does not involve either the situation of where no one assumed the duty or where the wholesale distributor represents by its sales tickets or otherwise that the gas is already odorized.[4] The general theory of all cases we have found is that the one undertaking the duty to odorize is liable therefor, and others to whom this undertaking is known may rely upon his performing that duty. In view of the administrative regulation in Florida, we find that the two appellees may rely upon West Florida's deliberate undertaking to odorize.
As to appellants' second point, there are no allegations that West Florida is an agent of either of the appellees, or that the appellees are in any way legally responsible for training West Florida's employees.
We find that the trial court was eminently correct in granting summary judgments for the appellees.
Affirmed.
CARROLL, DONALD K., Acting C.J., and JOHNSON, J., concur.
NOTES
[1] City of Villa Rica v. Couch, 281 F.2d 284, 288, 289 (5th Cir.1960).
[2] Thompson v. Economy Hydro Gas Co., 363 Mo. 1115, 257 S.W.2d 669 (1953).
[3] Shell Oil Company v. Collar, 99 Ariz. 154, 407 P.2d 380 (1965).
[4] Parkinson v. California Company, 233 F.2d 432 (10th Cir.1956).